JS-6  O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| **IRENE TRITZ,**<br>    **Plaintiff,**<br><br>    **vs.**<br><br>**PATRICK DONAHOE,**<br>    **Defendant.** | Case No.: SACV 12-2201-DOC (RNBx)<br><br>**ORDER GRANTING SUMMARY JUDGMENT [17]** |

Before the Court is Defendant Patrick Donahoe's Motion for Summary Judgment ("Motion" or "Mot.") (Dkt. 17). Having considered the written submissions and arguments made during the June 30, 2014 hearing, the Court hereby GRANTS Defendant's Motion for Summary Judgment.

-1-

## I. BACKGROUND

### A. 2010 Action

#### 1. Dismissal by the Court

Ms. Tritz filed an action in 2010: *Irene Tritz v. United States of America, et al.*, No. SACV 10-182-DOC (RNBx) ("2010 Action").[1] This Court described the facts of that action in the following way:

> Plaintiff Irene Tritz brings a host of claims related to a 2006 Settlement Agreement entered into with John Potter, Postmaster General, resolving an action for employment discrimination brought by Plaintiff, a former postal employee, in the case of *Irene Tritz v. John E. Potter*, SACV 04-858-JFW (AJWx) ("2006 Settlement Agreement"). Among other things, Plaintiff alleges that the 2006 Settlement Agreement was breached by virtue of the proceeds being subject to taxation. Plaintiff also alleges that Judge John Walter entered into a conspiracy with Assistant United States Attorney James Sullivan to unduly influence Plaintiff to settle her employment discrimination lawsuit against the Postal Service.
>
> In the instant action, Plaintiff asserts claims against Anthony DuComb, Senior Attorney for the United States Postal Service; John Potter, Postmaster General; the United States Postal Service; Douglas Shulman, Commissioner, Internal Revenue Service (collectively, the "Federal Defendants"); and Selvi Stanislaus, Executive Officer of the California Franchise Tax Board. Plaintiff's claims consists of the following causes of action: (1) "Fraud / Misrepresentation," (2) "Contract Voidable – Undue Influence," (3) "Breach of Settlement Agreement," (4) "Discrimination," (5) "Retaliation," (6) "Hostile Environment," (7) "Interference by the Court," (8) "Final Contract Violates the Rights of Others," (9) "Public Value," (10) "Conspiracy," and (11) "Intentional Infliction of Emotional Distress."

---

[1] The Court takes judicial notice of the filings in *Irene Tritz v. United States of America, et al.*, No. SACV 10-182-DOC (RNBx). Courts may take judicial notice of court dockets in state and federal courts. Fed. R. Evid. 201(b); *see Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of a court docket in state court proceedings).

Order, October 12, 2010, No. SACV 10-182-DOC (RNBx) ("2010 Dismissal Order") at 1-2.

This Court dismissed the 2010 Action in its entirety. *Id.*

### 2. Affirmation of Dismissal on Appeal

Two months later, Ms. Tritz appealed this Court's dismissal of the 2010 Action. Notice of Appeal (Dkt. 29).

In *Tritz v. United States Postal Service*, 721 F.3d 1133 (2013), the Ninth Circuit affirmed this Court's dismissal. Specifically, it affirmed the dismissal of Ms. Tritz's "Breach of Contract" claim "[b]ecause the documents attached to Tritz's complaint defeat her breach of contract allegations." *Id.* at 1140. It affirmed the dismissal of her "Undue Influence" claim because "[she] [did] not allege that any named defendant unduly influenced her into entering the settlement agreement." *Id.* at 1141. And, finally, it affirmed the dismissal of her "Fraud/Misrepresentation" and "Intentional Infliction of Emotional Distress" claims because she "fail[ed] to comply with the FTCA's administrative exhaustion requirement." *Id.*

### B. Current Action

On December 21, 2012—before the Ninth Circuit even issued a decision on the appeal—Ms. Tritz filed the current action, asserting four claims: (1) discrimination, retaliation, and hostile treatment; (2) violation of Due Process; (3) violations of rights under the Federal Tort Claims Act ("FTCA"); and (4) abuse of power. *See generally* Compl. (Dkt. 1). The Court liberally construes Ms. Tritz's pro se complaint. *See Ortez v. Washington Cnty.*, 88 F.3d 804, 807 (9th Cir. 1996).

Ms. Tritz alleges that while she was an employee at the U.S. Postal Service, she was subjected to "numerous types of hostilities," including bomb threats and sexual harassment. Compl. ¶ 7. In 2005, she presented these claims of hostile work environment, discrimination, and retaliation before a jury. *Id.* That trial ended with a settlement. Ms. Tritz now also alleges that while similar settlement agreements between the Postal Service and two men were honored, her settlement agreement was not. *Id.* ¶ 6.

On November 4, 2009, Ms. Tritz considered filing another lawsuit and "requested pre-complaint counseling under the EEO process with the U.S. Postal Service." *Id.* ¶ 9. She filed a

discrimination claim with the Postal Service ("2009 Filing"), alleging that she "entered into two settlement agreements with the U.S. Postal Service and neither one has been honored." *Id.* She alleges that the Postal Service "did not process her claim thereby denying her rights to due process under the law." *Id.* ¶ 10. No denial letter or right to sue letter was issued for the 2009 Filing. *Id.* ¶ 11. On September 28, 2011, she filed a second EEO complaint for "violation of her civil rights for failure to process her claim[.]" *Id.* This time, the Postal Service denied her claim. *Id.*

On November 15, 2010, Ms. Tritz filed a tort claim with the Postal Service for failure to process her 2009 Filing. *Id.* ¶ 13.

## II. LEGAL STANDARD

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is to be granted cautiously, with due respect for a party's right to have its factually grounded claims and defenses tried to a jury. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1992); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. *Celotex*, 477 U.S. at 323. When the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out that the non-moving party has failed to present any genuine issue of material fact as to an essential element of its case. *See Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).

Once the moving party meets its burden, the burden shifts to the opposing party to set out specific material facts showing a genuine issue for trial. *See Liberty Lobby*, 477 U.S. at 248-49. A "material fact" is one which "might affect the outcome of the suit under the governing law . . . ." *Id.* at 248. A party cannot create a genuine issue of material fact simply by making assertions in its legal papers. *S.A. Empresa de Viacao Aerea Rio Grandense v.*

*Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Rather, there must be specific, admissible evidence identifying the basis for the dispute. *Id.* The court need not "comb the record" looking for other evidence; it is required only to consider evidence set forth in the moving and opposing papers and the portions of the record cited therein. Fed. R. Civ. P. 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001). The Supreme Court has held that "[t]he mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Liberty Lobby*, 477 U.S. at 252.

### III. ANALYSIS

#### A. Discovery Disputes

As a preliminary matter, the Court addresses some of Ms. Tritz's concerns regarding discovery. During oral arguments, Ms. Tritz explained that she was not receiving the discovery to which she was entitled. The discovery cutoff date for this action was May 30, 2014. Minute Order, December 4, 2013 (Dkt. 14). On June 4, 2014, after the discovery cutoff date, Ms. Tritz filed a motion to compel discovery. *See* Motion to Compel (Dkt. 18). On June 5, 2014, the magistrate judge denied the motion because it failed to satisfy the requirements of the Local Rules. Minute Order, June 5, 2014 (Dkt. 21). The Court finds that Ms. Tritz's last-minute discovery concern does not constitute good cause to delay a decision on the motion for summary judgment. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (holding in the context of stays that district courts have the inherent power to control the disposition of causes on its docket "with economy of time and effort for itself, for counsel, and for litigants").

#### B. Claim 1: Discrimination, Retaliation, and Hostile Treatment

Ms. Tritz's first claim is predicated on allegations that she was discriminated against during her employment and in the enforcement of her 2006 Settlement Agreement. Compl. ¶¶ 6–7. However, this was precisely the basis for her 2010 Action, which was dismissed by this Court.

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised *or could have been raised* in the prior action." *W. Radio Servs. Co.,*

1  *Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (citing *Federated Dep't Stores, Inc. v.*
2  *Moitie*, 452 U.S. 394, 398 (1982)) (emphasis added).  It applies where there is (1) identity of
3  claims, (2) a final judgment on the merits, and (3) identity or privity between parties.  *Id.* (citing
4  *Blonder-Tongue Lab. v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971)).

### 1.     **Identity of Claims**

Courts consider the following factors to determine whether there is an identity of claims:

> (1) Whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.  The last of these criteria is the most important.

*Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (internal citation omitted).  Generally, res judicata bars "all grounds for recovery which could have been asserted, whether they were or not . . . ."  *Ross v. Int'l Bhd. of Elec. Workers*, 634 F.2d 453, 457 (9th Cir. 1980).

To the extent that Ms. Tritz's current discrimination claim is based on events that occurred during her employment at the Postal Service, her claim is identical to the claims asserted and fully litigated in the 2005 trial.  As Ms. Tritz explains in her complaint, "[she] was successful in a jury trial in 2005 for hostile work environment, discrimination and retaliation."  Compl. ¶ 7.  At the end of that trial, Ms. Tritz "agreed to release all of her claims—known and unknown, pending or otherwise—against the Postal Service and its employees."  *Tritz*, 721 F.3d at 1136.  As the Ninth Circuit explained when it considered her appeal, "[c]ourt-approved settlement agreements, like the 2006 Settlement Agreement, have res judicata effect."  *Id.* at 1141 (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746–47 (9th Cir. 2006)).

To the extent that Ms. Tritz's current discrimination claim is based on events regarding the enforcement of her 2006 settlement, her claim is identical to the claims asserted and dismissed in the 2010 Action.  As the Ninth Circuit explained in affirming this Court:

> In 2010, Tritz brought her present complaint pro se.  She claims that the Postal Service breached the 1991 and 2006 Settlement Agreements, and that the 2006 Settlement Agreement is voidable because her assent was the result of undue influence and fraudulent misrepresentation.  She also brings claims for intentional infliction of emotional distress, discrimination, retaliation, and a hostile work environment.

Tritz, 721 F.3d at 1136.

This action and the 2010 Action arise out of precisely the same transactional nucleus of facts: she was taxed on her settlement award, despite alleged representations that the settlement award would be tax-free.  While the 2010 Action forwarded theories of fraud and the current action forwards theories of discrimination, "[r]es judicata . . . bars litigation in a subsequent action of any claims that were raised *or could have been raised* in the prior action."  *Glickman*, 123 F.3d at 1192.  Given that the two sets of claims arise out of the same transactional nucleus of facts, the Court finds that there is an identity of claims between the 2010 Action and this one.  *See Constantini*, 681 F.2d at 1201-02; *see also Headwaters Inc. v. United States Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005).

### 2. Final Judgment on the Merits

Previously, the Court dismissed some of Ms. Tritz's claims in the 2010 Action with prejudice and others without prejudice.  2010 Dismissal Order at 10.  Dismissal with prejudice bars a later suit under res judicata.  *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) (citing *Beard v. Sheet Metal Workers Union, Local 150*, 908 F.2d 474, 477 n.3 (9th Cir. 1990)).  Therefore, there was a final judgment on the merits on those claims that were dismissed with prejudice.

Ordinarily, however, a "'dismissal without prejudice is not a decision on the merits' for the purposes of res judicata."  *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981

(9th Cir. 2008) (quoting *Weinberg v. Whatcom Cnty.*, 241 F.3d 746, 750 (9th Cir. 2001)). Therefore, the Court must address the question of whether there was a final judgment on the merits for the claims dismissed without prejudice.

The Court holds that there was a final judgment on the merits for three reasons. First, Ms. Tritz elected not to file an amended complaint after the claims were dismissed without prejudice. Second, finality is defined "in much the same way as it [is] identified for purposes of appeal." 18A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4427, at 4 (2d ed. 2002). Ms. Tritz appealed this Court's dismissal decision, which the Ninth Circuit heard and considered. Third, the Ninth Circuit held that the documents attached to Ms. Tritz's complaint defeated her claims and that no set of facts would support her claims for relief. *Tritz*, 721 F.3d at 1140. In other words, Ms. Tritz failed to timely file an amended complaint, the Ninth Circuit heard the dismissal without prejudice, and the Ninth Circuit ultimately held that her pleadings defeated any claim for relief. Therefore, the Court holds that the dismissal of the 2010 Action was a final judgment on the merits. *See Oscar*, 541 F.3d at 981.

### 3. Identity or Privity Between Parties

The third element often generates dispute because it is sometimes difficult to identify "privity" between parties. *See, e.g.*, *Headwaters*, 399 F.3d at 1052–58. Here, however, it is clear that the parties are identical.

First, there is no dispute that Ms. Tritz was and is the sole plaintiff in both actions. *Compare* Compl. at 1, *with* 2010 FAC at 1. Second, in the present action, Patrick Donahoe is the sole defendant in his capacity as the Postmaster General, and in the 2010 Action, John Potter was named as a defendant in his capacity as the Postmaster General. *Compare* Compl. at 1, *with* 2010 FAC at 1. Other than replacing the old Postmaster General with the new one, the present action and the 2010 Action involve identical parties.

In sum, Ms. Tritz's claims related to the breach of settlement agreements—regardless of whether it is asserted under a fraud or discrimination theory—is barred by the doctrine of res

1 judicata. She is precluded from making claims "which *could have* been asserted [in the
2 previous action]." *See Ross*, 634 F.2d at 457 (emphasis added).

### C. Claim 2: Violation of Due Process

Ms. Tritz's second claim is that when she initially presented these claims related to the breach of the settlement agreements in the 2009 Filing, the Postal Service failed to "process her claim thereby denying her rights to due process under the law." Compl. ¶¶ 8–11. The legal basis for Ms. Tritz's claims is unclear. *See generally* Compl. However, due to her pro se status, the Court liberally construes her complaint. *See Ortez*, 88 F.3d at 807. As best as the Court can determine, Ms. Tritz's claims are that the Postal Service violated her procedural due process rights under the Constitution and that its determination was arbitrary and capricious.

#### 1. Due Process

As the Supreme Court explained in *Mathews v. Eldridge*, the question of "whether the administrative procedures provided . . . are constitutionally sufficient requires analysis of the governmental and private interests that are affected." 424 U.S. 319, 334 (1976) (citations omitted). Specifically, this inquiry requires an examination of the following factors:

> First, the private interest that will be affected by the official action; second, the
> risk of an erroneous deprivation of such interest through the procedures used, and
> the probable value, if any, of additional or substitute procedural safeguards; and
> finally, the Government's interest, including the function involved and the fiscal
> and administrative burdens that the additional or substitute procedural requirement
> would entail.

*Id.* at 335.

Ms. Tritz's interest was in adjudicating her claims that her settlement agreements were breached for unlawful reasons. This interest is not trivial, but it was fully adjudicated in federal court—first by this Court's dismissal, and second by the Ninth Circuit's affirmance of the dismissal.

As the record reflects, the process provided by the Postal Service was extensive. On November 4, 2009, Ms. Tritz requested pre-complaint EEO counseling (i.e. the 2009

Filing). Compl. ¶ 9; Johnson Decl. Ex. 3. She alleged that the Postal Service breached the 1991 and 2006 Settlement Agreements for discriminatory and retaliatory reasons. *Id.* Ms. Tritz did not raise any new employment-related discrimination claims. *See id.* In fact, she could not have done so because she had not been employed with the Postal Service for nearly five years. Johnson Decl. Ex. 2.

The Postal Service explains that "when an allegation is made that an administrative EEO settlement has been breached, the process is handled through the breach of EEO settlement allegation process and not as a new EEO complaint." Johnson Decl. ¶ 4. Her "allegations of breach were processed as a compliance matter and assigned to an EEO ADR Specialist in the office." *Id.*

On April 20, 2010, Ms. Tritz sent a letter to the Postal Service because she had not received a response to her breach allegations. Johnson Decl. Ex. 4. On April 27, 2010, the Postal Service replied, requesting additional information. Johnson Decl. Ex. 5. On May 14, 2010, Ms. Tritz provided additional information regarding the breaches of the settlement agreements. Johnson Decl. Ex. 6.

On June 21, 2011, Ms. Tritz contacted the National EEO Investigative Services Office to complain that no new EEO case had been processed by the Postal Service. Johnson Decl. ¶ 6. Despite its continuing position that Ms. Tritz's claims regarding the breaches of the settlement agreements was not a new EEO complaint, the Postal Service created a new case. Johnson Decl. Ex. 7. A few months later, on September 19, 2011, the Postal Service sent a letter to notify Ms. Tritz that it was concluding the processing of her discrimination claim. Johnson Decl. Ex. 8. It explained that, "[a]n inquiry was conducted and it was determined that EEOC has no jurisdiction over a breach of a settlement agreement in a civil action." *Id.* at 1 (citing *Jones v. United States Postal Service*, EEOC Appeal No. 01A31600 (Apr. 29, 2004)). The Postal Service further explained that "[a]ny breach claim concerning either civil cases cited in the request for counseling is properly pursued in district court." *Id.*

On September 28, 2011, Ms. Tritz filed a formal complaint, reiterating her allegations that the settlement agreements were breached. Johnson Decl. Ex. 10. On October 4, 2011, the

1 Postal Service issued a Letter of Determination, informing Ms. Tritz that her claims must be
2 adjudicated in a federal district court.  Johnson Decl. Ex. 11.  The Postal Service then issued a
3 Dismissal of Formal Complaint.  Johnson Decl. Ex. 12.

4 Ms. Tritz appealed the decision on October 27, 2011.  Johnson Decl. Ex. 13.  On April
5 13, 2012, the Equal Employment Opportunity Commission's Office of Federal Operations
6 ("OFO") denied her appeal.  Johnson Decl. Ex. 14.  On May 9, 2012, Ms. Tritz requested
7 reconsideration of the OFO's decision.  Johnson Decl. Ex. 15.  The OFO denied the request for
8 reconsideration on September 20, 2012.  Johnson Decl. Ex. 16.

9 In sum, despite its legally correct insistence that a breach of settlement agreement claim
10 was not an employment discrimination claim, the Postal Service eventually agreed to open an
11 EEO claim in order to ensure that Ms. Tritz felt she was heard.  *See* Johnson Decl. Ex. 7.  It
12 correctly determined that her breach of settlement agreement claim should be adjudicated in
13 federal court—which it was—and denied her claim.  *See* Johnson Decl. Ex. 8.  Then, an appeal
14 and request for reconsideration were entertained by the agencies.  *See* Johnson Decl. Exs. 14,
15 16.  Ms. Tritz's due process claim amounts to the complaint that the Postal Service did not
16 process her claims in the manner in which she wanted.  Notwithstanding her dissatisfaction, the
17 Court finds that the Postal Service is entitled to summary judgment on Ms. Tritz's due process
18 claim regarding her 2009 Filing.  *See Matthews*, 424 U.S. at 335; Fed. R. Civ. P. 56(a); *Celotex*,
19 477 U.S. at 323.

20           **2.**       **Whether the Agency Decision Was Arbitrary or Capricious**

21 The review of a final agency action is governed by the Administrative Procedure Act
22 ("APA") under an "arbitrary and capricious" standard.  5 U.S.C. § 706(2)(A); *Idaho Farm*
23 *Bureau Fed'n v. Babbit*, 58 F.3d 1392, 1401 (9th Cir. 1995).  In short, an agency's decision
24 should be overturned if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in
25 accordance with the law."  *Id.*  In evaluating whether an agency's decision meets this standard,
26 "[courts] ask whether the agency 'considered the relevant factors and articulated a rational
27 connection between the facts found and the choice made.'" *Natural Res. Def. Council v. U.S.*
28 *Dep't of the Interior*, 113 F.3d 1121, 124 (9th Cir. 1997) (quoting *Pyramid Lake Pauite tribe of*

*Indians v. U.S. Dep't of the Navy*, 898 F.2d 1410, 1414 (9th Cir. 1990)). The standard is "highly deferential, presuming the agency action to be valid and affirming the agency action if a reasonable basis exists for its decision." *Indep. Acceptance Co. v. California*, 204 F.3d 1247, 1251 (9th Cir. 2000).

Under the APA, the district court's review is limited to the administrative record. 5 U.S.C. § 706; *see also Cnty of Los Angeles v. Shalala*, 192 F.3d 1005, 1011 (D.C. Cir. 1999) (when reviewing final agency action, the district court is not managing a "garden variety civil suit," but rather "sits as an appellate tribunal").

The agency's initial decision to treat the 2009 Filing as a compliance matter, as opposed to an employment discrimination claim, was neither arbitrary nor capricious. Her claims were not that any new employment discrimination occurred, or that she discovered any new employment discrimination; rather, her claim was that the Postal Service failed to comply with the terms of the settlement agreement. *See* Johnson Decl. Ex. 3. Furthermore, the agency's 2011 final determination of Ms. Tritz's claims was also neither arbitrary nor capricious, *see* Johnson Decl. Ex. 11, especially in light of the determinations made in the concurrent federal court proceedings. *See Indep. Acceptance*, 204 F.3d at 1251 (holding that the standard for agency review is "highly deferential, presuming the agency action to be valid and affirming the agency action if a reasonable basis exists for its decision").

Therefore, the Court finds that the Postal Service is entitled to summary judgment on Ms. Tritz's due process claim.

### D. Claim 3: FTCA Claim

Ms. Tritz's third claim is asserted under the FTCA, for which she claims $27,000,000. Compl. ¶¶ 12–16. The basis of Ms. Tritz's claim under the FTCA is not entirely clear from the complaint, but the Court construes the complaint liberally and assumes that it is related to her allegations that the Postal Service failed to process her 2009 Filing. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Any other claims would be barred either by res judicata, *see supra* III.A, or by the statute of limitations, *see* 28 U.S.C. § 2401(b). The Court finds that, regardless of whether Ms. Tritz satisfied the FTCA's procedural requirements, the Postal Service is entitled

to summary judgment on Ms. Tritz's tort claim regarding the manner in which the 2009 Filing was processed. *See* Fed. R. Civ. P. 56(a) *Celotex*, 477 U.S. at 323.

### E.  Claim 4: Abuse of Power

Ms. Tritz's fourth claim is that the Postal Service "abused its power."  Compl. ¶¶ 9–11. Again, the Complaint alleges many facts that were clearly litigated in the 2005 trial and settled by the 2006 Settlement Agreement.  *See, e.g.*, Compl. ¶ 18.  The Court construes Ms. Tritz's fourth claim to address wrongs not barred by res judicata: those related to the Postal Service's processing of her 2009 Filing.  *See Hughes*, 449 U.S. at 9.  Again, the Court finds that in light of the extensive showing that the Postal Service did, indeed, process Ms. Tritz's claims properly, the Postal Service is entitled to summary judgment on Ms. Tritz's "abuse of power" claim.  *See* Fed. R. Civ. P. 56(a) *Celotex*, 477 U.S. at 323.

### F.  Ms. Tritz's History of Litigating the Same Claims

Ms. Tritz has a significant history of litigating the same claims, which the Court will now briefly summarize.  In 1991 and 2005, she successfully sued the Postal Service for a variety of employment discrimination-related claims.  Both of those sets of claims were settled.

In 2009, she felt that the Postal Service breached those settlement agreements by, among other reasons, categorizing the settlement awards as taxable.  Based on this grievance, she filed an Equal Employment Opportunity claim with the Postal Service, which the Postal Service treated as a compliance matter because it did not assert any new claims regarding employment discrimination.  In 2010, Ms. Tritz filed a suit before this Court, asserting these breach of settlement agreement claims.  The Court dismissed her claims for a variety of reasons.  In 2011, while an appeal of this Court's decision was pending before the Ninth Circuit, Ms. Tritz filed another claim with the Postal Service, which was denied after full hearing, administrative appeal, and administrative reconsideration.  In 2012, Ms. Tritz filed this action.  In 2013, the Ninth Circuit affirmed this Court's earlier dismissal of her 2010 suit.  Ms. Tritz then filed another action asserting the same claims as the 2010 Action, which the Court dismissed with prejudice on January 27, 2014.  *See Irene Tritz v. Patrick Donahoe, et al.*, No. 13-1397-DOC

(JPRx).  Now, on summary judgment, the Court grants summary judgment against her on the 2012 suit.

Ms. Tritz is pro se, so the Court infers no bad faith on her part.  Although Ms. Tritz has successfully adjudicated her legal claims in federal court before—even winning at trial—practice in federal court is admittedly difficult for unrepresented parties.  Given her pro se status, the Court has exercised patience.

However, there must be finality.  *See De Long v.* Hennesy, 912 F.2d 1144, 1148 (9th Cir. 1990).  Ms. Tritz has received about as much process on the same claims as one could possibly receive: denial by an administrative agency, denial of appeal of the agency decision, denial of a reconsideration of the appeal, dismissal by the district court, affirmance of the dismissal by the appellate court, another dismissal by the district court, and now, summary judgment by the district court.  Given her pro se status, however, the Court will not issue a pre-filing order to enjoin Ms. Tritz from filing another suit on these same basic allegations.  *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062–65 (9th Cir. 2007).  The Court simply cautions her that she cannot circumvent the doctrine of res judicata simply by rewording her claims and positing new legal theories.  *See W. Radio Servs.*, 123 F.3d at 1192 ("Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action.").

## IV.  DISPOSITION

For the reasons explained above, the Court GRANTS Defendant's Motion for Summary Judgment as to all four of Ms. Tritz's causes of actions.  All remaining dates in this action are VACATED.  Defendant is ordered to file a proposed final judgment conforming with this order on or before July 14, 2014.

DATED:     June 30, 2014

*David O. Carter*

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE